UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

LOUIS MCCRAE,

                  Petitioner,

        - against -

DALE A. ARTUS

                  Respondent.

----------------------------------------------------------X

**MEMORANDUM AND ORDER**
10-CV-2988 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

Petitioner *pro se* Louis McCrae brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner seeks relief from his conviction in the Supreme Court of the State of New York, Kings County, for one count of Sexual Abuse in the First Degree under N.Y. Penal Law § 130.65(3) and one count of Endangering the Welfare of a Child under N.Y. Penal Law § 260.10(11). He was sentenced to concurrent prison terms of seven years and one year on his convictions for the sexual abuse and endangering the welfare of a child, respectively, together with a term of post-release supervision of three years.

Petitioner asserts a number of claims in support of his application:[2] (1) petitioner's confession was coerced, which violated his right against self-incrimination and rendered his arrest and conviction unlawful; (2) petitioner's Sixth Amendment right to testify in his own defense was violated by the trial judge allegedly advising him not to testify at trial; (3) there was insufficient evidence to support his conviction; (4) trial counsel provided ineffective assistance

---

[1] Petitioner was granted leave to proceed *in forma pauperis* on February 10, 2011. (Doc. No. 2).

[2] The petition lists five grounds. However, the Court's reading of the petition suggests more. Therefore, consistent with this Court's obligation to construe the petition to "raise the strongest arguments that [it] suggest[s]" the Court has parsed the petition for additional claims. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)); *see also Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1981). Whether the Court viewed the petition's claims strictly as alleged or as parsed, it would still include both exhausted and unexhausted claims.

when he failed (a) to secure suppression of the coerced confession, (b) to make arguments relating to the victim and his family's motive to lie and fabricate evidence, (c) to challenge petitioner's allegedly unlawful arrest, searches, and seizures that resulted from petitioner's coerced confession, and (d) to make arguments relating to the petitioner's innocence as evidenced by the victim's uncle posting the security to procure petitioner's bail after he was arrested; (5) petitioner's appellate counsel was ineffective for failing to raise any of the foregoing claims on appeal; and (6) petitioner is actually innocent.

For the reasons set forth below, this being a mixed petition containing both exhausted and unexhausted claims, the petition will be DISMISSED without prejudice, unless within thirty (30) days of the date of this Memorandum and Order, petitioner files a letter clearly asserting that he wishes to strike his unexhausted claims and proceed solely with his exhausted claims.

## BACKGROUND

### I. Arrest and Trial

Petitioner's conviction arises from an allegation that petitioner put his penis inside the anus of a 10 year old L.T.[3] (the "victim"). (Aff. of Jill Oziemblewski in Opp'n to Pet. (Doc. No. 6) ("Opp'n Aff.") at 2.) The incident occurred early Christmas morning, December 25, 2005, when petitioner and the victim were sharing a bed while spending the holiday at the home of petitioner's cousin who was also L.T.'s grandmother. (*Id.*; Pet. (Doc. No. 1) at 6.) L.T.'s parents knew petitioner for fourteen years prior to the incident, and L.T. referred to petitioner as "Bishop McCrae" or "grandpa." (Opp'n Aff. at 2.)

---

[3] Consistent with Federal Rule of Civil Procedure 5.2(a), where the record indicates that an individual was a minor at the time of the incidents underlying petitioner's conviction, this Court will identify him by his initials. *See, e.g.*, *Andersen v. Rochester City School Dist.*, No. 11-1955-CV, 2012 WL 1632581, at *1 n.2 (2d Cir. May 10, 2012); *In re S.E.O.*, No. 12-CV-2390(LTS), --- F. Supp. 2d ----, 2012 WL 2026443, at *1 n.1 (S.D.N.Y. June 5, 2012).

When L.T. awoke the morning after the alleged incident, he told his sister what petitioner had done. (*Id.* at 2.) Eventually, L.T. and his sister told their parents that defendant had put his penis inside L.T.'s anus. (*Id.*) When the family confronted petitioner about the alleged assault, he denied the allegations and insisted that L.T. be taken to the doctor. (Pet. at 7.) L.T. was eventually taken to Brookdale Hospital, where a doctor found a laceration in his anterior anal area, which, according to an expert at trial, could have been caused by a penis. (Opp'n Aff. at 2.)[4]

Petitioner was brought to a police station on December 27, 2005. (*Id.*; Trial Tr. (Doc. Nos. 7-8) at 190-95.) Upon questioning by detectives Cathy Walker and Jennifer Molinari, petitioner dictated and signed a statement about the incident. (Resp. App. Br. at 13-16.) Petitioner's statement indicates that he did not remember whether he had touched L.T., but regardless, petitioner would not remember because he had taken heavy doses of narcotic medication that evening. (Pet. at 12.)

Petitioner was charged under Kings County indictment 9597/2005 with one count each of Criminal Sexual Act in the First Degree (N.Y. Penal Law § 130.50(3)), Sexual Abuse in the First Degree (§ 130.65(3)), Assault in the Second Degree (§120.05(6)), and Endangering the Welfare of a Child (§ 260.10(1)). (Opp'n Aff. at 3.) Petitioner was tried before a jury in the Supreme Court of the State of New York, Kings County.

On January 10, 2007, a pretrial *Huntley* hearing was conducted at which petitioner sought to suppress the statements he made at the time of his arrest, including the written statement referenced above. (*Id.*) At the hearing, petitioner's lawyer cross examined both detectives Walker and Molinari about their questioning of petitioner. (Huntley Hr'g Tr. (Doc. No. 6).)

---

[4] The expert, Dr. Stephen Ajl, also noted other possible causes of the tear, including constipation, poor hygiene, irritation brought on by pinworms, vigorous scratching, wiping with harsh toilet paper, or the insertion of another object. (Resp. State App. Br. (Doc. No. 8-5) ("Resp. App. Br.") at 11-12; Trial Tr. (Doc. Nos. 7-8) at 144, 157-59.)

The court found that the defendant's oral and written statements were made knowingly, intelligently, and voluntarily and denied petitioner's suppression motion. (Opp'n Aff. at 3.) Ultimately, petitioner's written statement was introduced at trial and read to the jury. (Trial Tr. at 242-43.)

On January 29, 2007, the jury convicted petitioner of one count each of sexual abuse in the first degree and endangering the welfare of a child. (Opp'n Aff. at 3-4.) The jury acquitted petitioner of criminal sexual act in the first degree.[5] (*Id.*) On March 29, 2007, the court sentenced petitioner to concurrent terms of imprisonment of seven years for sexual abuse and one year for endangering a child, with three years of post-release supervision. (*Id.* at 4.)

## II.     Post-Conviction Proceedings

In December of 2008 petitioner appealed his conviction to the Appellate Division, Second Department ("Appellate Division"). (*Id.*) Petitioner contended that: (1) the evidence was insufficient to support the conviction and the conviction was against the weight of the evidence; and (2) he was denied due process of law and a fair trial by (a) the court's mistaken admission under the prompt outcry doctrine of testimony that the constituted improper bolstering of the victim's allegations and (b) prosecutorial misconduct[6] during the opening and closing arguments. (Pet. State App. Br. (Doc. No. 8-4) ("Pet. App. Br.") at i-ii.)

On June 11, 2009, the Appellate Division affirmed petitioner's conviction. *People v. McCrae*, 882 N.Y.S.2d 660 (N.Y. App. Div. 2nd Dep't 2009). The court found the petitioner's challenge to the legal sufficiency of the evidence was unpreserved and, in any event, without merit and that the verdict was not against the weight of the evidence. *Id.* Further, the court

---

[5] The trial judge did not submit the count of assault in the second degree to the jury. (Opp'n Aff. at 4 n.1.)
[6] Petitioner claimed that the prosecutor, during opening and closing statements, improperly vouched for the credibility of the victim, attempted to garner sympathy for the victim, and attempted to incite the jury against the petitioner. (Pet. App. Br. at 46-53.)

found that although the trial court erred in admitting certain testimony as "prompt outcry" evidence and that some of the prosecutor's statements may have been improper, those errors were harmless. *Id.* On November 30, 2009, the New York Court of Appeals denied petitioner leave to appeal. *People v. McCrae*, 13 N.Y.3d 861 (2009).

On June 24, 2010, petitioner filed his present habeas petition with this Court. The petition raises a number of claims: (1) petitioner's confession was coerced, which violated his right against self-incrimination and rendered his arrest and conviction unlawful; (2) petitioner's Sixth Amendment right to testify in his own defense was violated by the trial judge allegedly advising him not to testify at trial; (3) there was insufficient evidence to support the conviction; (4) trial counsel provided ineffective assistance when he failed (a) to secure suppression of the coerced confession, (b) to make arguments relating to the victim and his family's motive to lie and fabricate evidence, (c) to challenge petitioner's allegedly unlawful arrest, searches and seizures that resulted from petitioner's coerced confession, and (d) to make arguments relating to the petitioner's innocence as evidenced by the victim's uncle posting the security to procure petitioner's bail after he was arrested; (5) petitioner's appellate counsel was ineffective for failing to raise any of the foregoing claims on appeal; and (6) petitioner is actually innocent. Although petitioner admits that he has not raised any of these claims before a state court, he alleges that is the case because he had ineffective trial and appellate counsel. (Pet. at 9.)

On May 9, 2011, respondent filed its return to the petition. (Doc. Nos. 6-8.) As of the date of this opinion, petitioner has filed no response.

# LEGAL STANDARD

## I.     The Exhaustion Requirement and Procedural Default

A district court may entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see also* Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  However, such application may only be granted if "it appears that the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) ("[B]efore a federal court can consider a habeas application brought by a state prisoner, the habeas applicant must exhaust all of his state remedies.").

In order to exhaust his state remedies, a petitioner must " 'fairly present' the federal claim 'in each appropriate state court (including a state supreme court with powers of discretionary review).' "  *Richardson v. Superintendent of Mid-Orange Corr. Facility*, 621 F.3d 196, 201 (2d Cir. 2010) (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).  A 'fair presentation' is one that that uses "terms that were 'likely to alert the [state] court[s] to the claim's federal nature.' "  *Cornell v. Kirkpatrick*, 665 F.3d 369, 375-76 (2d Cir.2011) (quoting *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000) (alteration in original)); *see also Daley v. Lee*, No. 10-CV-6065(NGG), 2012 WL 2577472, at *3 (E.D.N.Y. July 3, 2012) ("A petitioner is not required to cite book and verse on the federal constitution in order for a claim to be fairly presented." (quotation marks omitted)).

Where a petitioner has failed to exhaust his claims, but the state court to which he must present those claims would find them procedurally barred, a federal habeas court must deem the

claim to be exhausted but procedurally defaulted. *See Clark v. Perez*, 510 F.3d 382, 390 (2d Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). Such procedural default requires dismissal, which amounts to a disposition of the habeas claim on the merits. *Carvajal*, 633 F.3d at 104.

An applicant may escape dismissal of his procedurally defaulted claims only if he can demonstrate "cause for the default and prejudice from the asserted error," *House v. Bell*, 547 U.S. 518, 536 (2006), or a "fundamental miscarriage of justice," *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Showing "cause" usually requires a demonstration of "some external impediment preventing counsel from constructing or raising the claim." *Murray*, 477 U.S. at 492. And prejudice means, " 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.' " *Id.* at 494 (citing *U.S. v. Frady*, 456 U.S. 152, 170 (1982)). Finally, miscarriage of justice is satisfied by a showing of actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 326-27 (1995); *Dunham v. Travis,* 313 F.3d 724, 730 (2d Cir. 2002) ("Actual innocence means factual innocence, not mere legal insufficiency." (quotation marks omitted)).

## II.     New York's Procedural Default Rules

In New York, a petitioner is "entitled to one (and only one) appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals." *Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001) (citing N.Y. Crim. Proc. Law § 450.10(1); N.Y. Court R. § 500.10(a)). If petitioner has already pursued these appeals, petitioner may bring additional claims in a motion to vacate judgment under N.Y. Crim. Proc. Law § 440.10 ("§ 440 motion" or "§ 440 collateral attack"). However, § 440 motions are limited to off-the-record claims. Therefore,

under New York law, "a [§440] motion to vacate based on facts visible on the trial record must be dismissed where the defendant unjustifiably failed to raise the issue on direct appeal." *Clark*, 510 F.3d at 392; *see also* N.Y. Crim. Proc. Law § 440.10(2)(c). That is, "New York law requires a state court to deny a motion to vacate a judgment based on a constitutional violation where the defendant unjustifiably failed to argue the constitutional violation on direct appeal despite a sufficient record." *Sweet v. Bennett*, 353 F.3d 135, 139 (2d Cir. 2003). Conversely, a § 440 collateral attack based on an off-the-record claim may be pursued "[a]t any time after the entry of judgment." *Ortiz v. Heath*, No. 10-CV-1492(KAM), 2011 WL 1331509, at *10 (E.D.N.Y. Apr. 6, 2011) (quotation marks omitted, alteration in original); *see also Caballero v. Keane*, 42 F.3d 738, 740-41 (2d Cir. 1994).

Additionally, a claim for ineffective assistance of appellate counsel may be brought via a writ of error *coram nobis* to the state's Appellate Division. *See Daley v. Lee*, No. 10-CV-6065(NGG), 2012 WL 2577472, at *7 (E.D.N.Y. July 3, 2012) ("The exclusive state court remedy to raise an ineffective assistance of appellate counsel claim is the *coram nobis* petition. . . . Indeed, the *coram nobis* petition is the only way to exhaust this type of claim for habeas purposes."). A writ of error *coram nobis* may be brought "at any time." *Ikker v. Taylor*, No. 08-CV-3301(JG), 2008 WL 5110866, at *6 (E.D.N.Y. Dec. 3, 2008).

## DISCUSSION

The petition, as described claim-by-claim in the rest of this opinion, contains both exhausted and unexhausted claims. Although the majority, if not all, of these claims were never presented to a state court, most of them are now procedurally barred and deemed exhausted. The petition is, therefore, "mixed" as described by the Supreme Court in *Rhines*. 544 U.S. 269 at 273-74 (2005); *see also St. Helen v. Senkowski,* 374 F.3d 181, 183-84 (2d Cir. 2004) ("[E]ven if

a federal claim has not been presented to the highest state court or preserved in lower state court under state law, it will be deemed exhausted if it has become procedurally barred under state law.") For the reasons that follow, the Court exercises its discretion to dismiss the petition without prejudice.

## I.    Exhaustion of Petitioner's Claims

### a.    Deemed Exhausted or Exhausted Claims

#### i.    Coerced Confession, Ineffective Assistance Based on Failure to Suppress Coerced Confession and Sixth Amendment

Three of petitioner's claims were never presented to a state court. Because they are on-the-record claims which are now procedurally barred under New York law, they are deemed exhausted and defaulted for the purposes of habeas review. They include: (1) that petitioner's arrest and conviction were secured based on a coerced confession, which violated his right against self-incrimination; (2) that petitioner's trial counsel was ineffective for failing to suppress the coerced confession; and (3) that petitioner's Sixth Amendment rights were violated by the trial judge's alleged advice that petitioner not testify at trial.

As discussed above, petitioner cannot bring a § 440 collateral attack for an on-the-record claim that could have been raised on direct appeal. *Clark*, 510 F.3d at 392. All of the facts underlying petitioner's first two claims, related to his allegedly false and coerced confession, are plainly apparent from the trial court record. Indeed, the court held a pre-trial *Huntley* hearing specifically to resolve the voluntariness of petitioner's purported confession and denied petitioner's suppression motion. Petitioner does not identify any facts that were not considered at the hearing. If petitioner thought the outcome of the *Huntley* hearing was error or that his

counsel's performance threat subpar, he could have directly appealed. Having not done so, his claim is now defaulted.

Similarly, petitioner's claim that the trial judge advised him not to testify is also record-based. Indeed, the record reveals that the trial court confirmed, during pre-trial proceedings, that petitioner was aware of his right to testify. (Huntley Hr'g Tr. at 46-47, 58.) Although such a claim could theoretically be based on an off-the-record communication - - and then would be unexhausted instead of defaulted - - petitioner does not allege anything of the sort. Indeed, petitioner provides no factual basis whatsoever underlying his assertion that the trial court told him not to testify. (Pet. at 8.) Therefore, this claim is also defaulted.

### ii. Insufficient Evidence

Petitioner's insufficient evidence claim presents a more difficult question, as it is not entirely clear what portion of the evidence petitioner attacks as insufficient. He does not attack the evidence pertaining to any specific elements of his crimes of conviction. Rather, he seems to allege other evidence should have been presented, and that the evidence that was presented was fabricated or coerced. (Pet. at 8-9.) As discussed above, petitioner did file an appeal alleging insufficiency. That appeal was quite broad, attacking the credibility of the government's witnesses, the inconclusiveness of the physical evidence, and that petitioner demonstrated his innocence by asking that the victim be taken to the doctor. (Pet. App. Br. at 31-37.) The state alleges that petitioner's current sufficiency challenge was not exhausted by that appeal because it is based on new "factual and legal premises." (Opp'n Mem. (Doc. No. 6.) at 5-6.) However, the court need not determine whether his petition raises the same claims as on direct appeal, as both claims fail.

To the extent petitioner's current sufficiency claim overlaps with his sufficiency claim on direct appeal this Court's review is barred by the Appellate Division's rejection of that claim on an adequate and independent state law ground. *See Downs v. Lape*, 657 F.3d 97, 101-102 (2d Cir. 2011) (finding that federal courts "will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is 'independent of the federal question and adequate to support the judgment.' " (quoting *Cone v. Bell*, 556 U.S. 449, 465 (2009)). On appeal, the Appellate Division determined that petitioner had failed to comply with New York's contemporaneous objection rule, and therefore, his sufficiency challenge was "unpreserved for appellate review." *McCrae*, 882 N.Y.S.2d at 660 (citing N.Y. Crim. Proc. Law § 470.05(2)).[7] The contemporaneous objection rule is well-established as an independent and adequate state-law ground barring federal habeas review, so long as it is not "exorbitant[ly] misapplied." *Downs*, 657 F.3d at 102.

At the close of the People's case the trial court asked petitioner's counsel whether he intended to make "any motions at the end of the case." (Trial Tr. at 380.) Petitioner's counsel asked to "reserve . . . the prima facie case motion," presumably to the end of the defense case, to which the trial court responded "[w]ell I find they made a prima facie case." (*Id.*) Petitioner's counsel replied "[s]o that's over. I don't need to make the motion." (*Id.*) Petitioner's counsel then proceeded with the defense case, including calling two witnesses. He never again mentioned any motion regarding the sufficiency of the evidence. (Trial Tr. at 499.) To the extent this can be construed as an objection at all,[8] under New York law, "general motions,"

---

[7] The Appellate Division also determined "[i]n any event," the evidence was legally sufficient. *McCrea*, 882 N.Y.S.2d at 660.

[8] Under New York Law, a "defendant who presents evidence after a court has declined to grant a trial motion to dismiss made at the close of the People's case waives subsequent review of that determination." *People v. Hines*, 97 N.Y.2d 56, 61 (2001); *People v. Lane*, 7 N.Y.3d 888, 889 (2006) (finding sufficiency challenge unpreserved where the motion was "promptly denied" at the close of the People's case and then not renewed after defendant presented his own evidence.) Therefore, to the extent petitioner objected at all, it appears he also waived appellate review of

which do "little more than argue that the People failed to prove the essential elements" of a crime

fail to preserve a sufficiency challenge for appellate review. *People v. Hawkins*, 11 N.Y.3d 484,

492-93 (2008) ("[A] specific motion brings the claim to the trial court's attention, alerting all

parties in a timely fashion to any alleged deficiency in the evidence, thereby advancing both the

truth-seeking purpose of the trial and the goal of swift and final determination of guilt or nonguilt

of a defendant."); *People v. Gray*, 86 N.Y.2d 10, 19 (1995). Although the record could be

clearer, ultimately the question is whether the Appellate Division "exorbitant[ly] misapplied" the

contemporaneous objection rule. *Downs*, 657 F.3d at 102. That is, the Court must find that the

"Appellate Division's ruling reflected or imposed an extreme, novel, or unforeseeable

requirement without fair or substantial support in prior state law." *Id.* at 105-106 (quotation

marks omitted). Such is not the case here, therefore federal review of the merits of petitioner's

sufficiency claim is foreclosed.

To the extent petitioner's sufficiency challenge differs from that brought on direct appeal,

it is procedurally defaulted. A sufficiency of the evidence challenge requires petitioner to

demonstrate that "upon the record evidence adduced at the trial no rational trier of fact could

have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324

(1979); *see also McDaniel v. Brown*, 130 S. Ct. 665, 672 (2010) (finding "clearly correct" that a

*Jackson* claim is based on the evidence that was before the jury, not whether the evidence was

improper); *Herrera v. Collins*, 506 U.S. 390, 402 (1993) ("[T]he sufficiency of the evidence

review authorized by *Jackson* is limited to 'record evidence.' *Jackson* does not extend to

nonrecord evidence, including newly discovered evidence." (citation omitted)). In other words, a

sufficiency of the evidence claim is, by definition, an on-the-record claim. Therefore, if

---

the objection by subsequently offering his own evidence. Petitioner then violated the contemporaneous objection rule by failing to renew his motion following the conclusion of all of the evidence.

petitioner's sufficiency of the evidence claim was not part of his direct appeal, it would now be procedurally defaulted.

### b. Overcoming Procedural Default

As explained above, a petitioner can overcome a procedural default if he can demonstrate "cause for the default and prejudice from the asserted error," *House*, 547 U.S. at 536, or a "fundamental miscarriage of justice," *Murray*, 477 U.S. at 495-96. Petitioner has failed to do either.

As for cause, petitioner alleges that his procedural defaults are the result of the ineffective assistance of both his trial and appellate counsels. (Pet. at 9.) However, it is well-established that in order for a habeas petitioner to claim ineffective assistance of counsel as "cause" for his default he must have raised and exhausted it as a separate claim in state court. *Murray*, 477 U.S. at 488-89; *see also DiSimone v. Phillips*, 461 F.3d 181, 191 (2d Cir. 2006); *Prendergast v. Rivera*, No. 06-CV-5314(BMC), 2011 WL 4899945, at *5 (E.D.N.Y. Oct. 13, 2011); *Ortiz*, 2011 WL 1331509, at *9. Petitioner has never raised any claim about his counsel in state court, therefore he cannot show cause for his default.

As for miscarriage of justice, petitioner claims that he is actually innocent. Such a showing can, in certain limited circumstances, supported by "new reliable evidence," overcome a procedural bar. *Schlup*, 513 U.S. at 324; *see also Rivas v. Fischer*, - - - F.3d - - - -, 2012 WL 2686117, at *23 (2d Cir. July 9, 2012). However, petitioner must demonstrate that his new evidence makes it "more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538. Petitioner's allegations do nothing of the sort. Rather, petitioner's theories and speculation about the various witness's motives to lie fail to qualify as reliable

evidence, let alone raise doubt about his conviction. Therefore, he cannot overcome the procedural bar of his claims.

### c. Unexhausted Claims

The remainder of petitioner's claims are also unexhausted, but, since they are not record-based, they are not procedurally barred. That is, none of them have been presented to a state court and, unlike petitioner's other claims, it appears that all of them still could be. Indeed, neither party disagrees. (Pet. at 9; Opp'n Mem. at 6-7.) Petitioner alleges that: (1) his arrest was unlawful as a result of his coerced confession;[9] (2) he received ineffective assistance of trial counsel when his trial counsel failed (a) to make arguments relating to the victim and his family's motive to lie and fabricate evidence, (b) to make arguments relating to the petitioner's innocence as evidenced by the victim's uncle's posting his house as security to procure petitioner's bail after he was arrested, and (c) to suppress the unlawful arrest, searches, and seizures as a result of the coerced confession; (3) he received ineffective assistance of appellate counsel; and (4) he is actually innocent.

## II. Adjudication of Mixed Petitions

As the petition contains claims that are both deemed exhausted and unexhausted, it is considered a "mixed" petition, and the Court may: (1) dismiss the petition in its entirety without prejudice; (2) deny the entire petition on the merits; (3) allow the petitioner to delete the unexhausted claims and proceed with his exhausted claims; or (4) in limited circumstances, stay the petition to allow petitioner to exhaust his unexhausted claims. *See Rhines v. Weber*, 544 U.S.at 273-74; 28 U.S.C. § 2254(b)(2); *Manzullo v. People of N.Y.*, No. 07-CV-744(SJF), 2010 WL 1292302, at *3 (E.D.N.Y. Mar. 29, 2010); *Linares v. People of N.Y.*, No. 04-CV-

---

[9] This claim is not record-base because, although there was a *Huntley* hearing about the confession, no record was made about his petitioner's arrest at the hearing. As the trial judge explained "[t]he legality of the defendant's arrest is not being raised." (Huntley Hr'g Tr. at 52.)

2973(KMW), 2008 WL 2115231, at *2 n.7 (S.D.N.Y. May 14, 2008). A stay may only be granted where petitioner shows "good cause for the petitioner's failure to exhaust his claims first in state court" and that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. Where a district court deems a stay inappropriate, the Supreme Court has directed that the petitioner be allowed the opportunity to "delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* at 278

Initially, the court declines to exercise its discretion to dismiss the entire petition on the merits. 28 U.S.C. § 2254(b)(2). Although the Court is skeptical of petitioner's vague accusations in support of his unexhausted claims, it would be premature to adjudicate them on this petition. Further, the Court notes the practical consequences of a dismissal. Under AEDPA, petitioner has only one year from the day his conviction becomes final to file his habeas petition. 28 U.S.C. § 2244(d)(1). As there is no indication that petitioner sought certiorari from the United States Supreme Court, his conviction became final on or about March 1, 2010, when his time to appeal the November 30, 2009 denial of his leave to appeal by the Court of Appeals expired. *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). Since filing a federal habeas petition does not toll the limitation period, unless petitioner has been undertaking other state proceedings that would toll it, his claim became barred one year later on March 1, 2011. *Rhines*, 544 U.S. at 274-75; 28 U.S.C. § 2244(d)(2). Therefore, dismissal would likely render time-barred any future habeas petition filed after petitioner has exhausted his claims in state court.

### a. Stay and Abeyance

A second available option is to grant petitioner a stay, which would require the Court to find that petitioner demonstrated "good cause" for his failure to exhaust and that his claims are not "plainly meritless." *Rhines*, 544 U.S. at 277.[10] Because petitioner has not demonstrated good cause, a stay would be inappropriate.

The Supreme Court and the Second Circuit have yet to define what constitutes "good cause" under *Rhines*. Although the Supreme Court has indicated it should be "available only in limited circumstances," it has also suggested, in dicta, that the standard is not intended to be especially rigorous. *Rhines*, 544 U.S. at 277; *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) ("[P]etitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."). District courts in this circuit have applied a few different standards. Some courts analogize "good cause" to the "cause" that permits review of procedurally barred claims. They find, therefore, that good cause "must arise from an objective factor external to the petitioner which cannot fairly be attributed to him or her." *Ramdeo v. Phillips*, No. 04-CV-1157(SLT), 2006 WL 297462 at *5-6 (E.D.N.Y. Feb. 8, 2006) (quotation marks omitted); *see also Nieves v. Conway*, No. 09-CV-3710(SLT)(LB), 2011 WL 2837428, at *2-3 (E.D.N.Y. July 14, 2011) (collecting cases); *Garcia v. Laclair*, No. 06-CV-10196(SES)(DF), 2008 WL 801278, at *3 (S.D.N.Y. Mar. 24, 2008) (same). Others hold that the Supreme Court's "reasonable confusion" language in *Pace* suggests good cause does not need to be based on something external to petitioner, but rather is a broader, more forgiving concept. *See, e.g.*, *Whitley v. Ercole*, 509 F. Supp. 2d 410, 417-419 (S.D.N.Y. 2007); *Bryan v. Greiner*, No. 02-CV-6121(RMB)(RLE), 2006 WL 1675938, at *5 (S.D.N.Y. June 15, 2006).

---

[10] Petitioner also cannot have engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277-78.

The Court need not ultimately choose between these two standards, as petitioner has not met either by failing to show any external factors or "reasonable confusion" responsible for his failure to exhaust his claims.[11]  Rather, petitioner acknowledges that he "did not raise any of the grounds" he now relies upon as basis for habeas relief in his "previous direct appeals" and blames that failure on ineffective trial and appellate counsel.  (Pet. at 9.)

Petitioner's assertion of ineffective assistance of counsel as external grounds for cause fails because he has not connected any action by either his trial or appellate counsel with his failure to file a § 440 collateral attack or *coram nobis* petition.  That is, even assuming petitioner's trial counsel was deficient and that his appellate counsel was deficient in failing to raise certain issues on appeal, neither explains why petitioner came to federal court before filing a § 440 collateral attack or writ of *coram nobis*.   *Redd v. Woughter*, No. 09-CV-9819(JGK), 2010 WL 4983169, at *1 (S.D.N.Y. Dec. 3, 2010) (finding no cause where petitioner "provide[d] no explanation as to why [he] did not present his ineffectiveness of appellate counsel claim in a petition for a writ of error *coram nobis* before bringing this habeas petition."); *see also Orr v. Hulihan*, No. 11-CV-501(RMB)(THK), 2012 WL 2478354, at *13 (S.D.N.Y. Jan 23, 2012) (finding no good cause where petitioner explained only his failure to raise a claim on direct appeal, not his failure to institute *coram nobis* proceedings) (R&R), *adopted by* 2012 WL 2478454 (S.D.N.Y. June 28, 2012); *Scott v. Phillips*, No. 05-CV-142(CBA), 2007 WL 2746905, at *6-7 (E.D.N.Y. Sept. 19, 2007) ("[T]he actions of [petitioner's] appellate counsel do not explain [petitioner's] failure to file a petition for a writ of error *coram nobis* asserting ineffective

---

[11] It is difficult to reconcile the idea that there must be an "external" cause for petitioner's failure to exhaust with the Supreme Court's suggestion that "reasonable confusion" about state law provides grounds for a stay.  *Pace*, 544 U.S. at 416; *see also Rhines*, 544 U.S. at 279 (stating an understanding that "good cause" was "not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner.") (Stevens, J., concurring) (quotation marks omitted).  That is, "reasonable confusion" about the law can only possibly be described as internal to the petitioner.  *See Garcia*, 2008 WL 801278, at *3 (describing "external factors" as those "outside of the petitioner's own control" and providing, as an example, prosecutorial delay).

assistance of appellate counsel.").  Thus, neither counsel's performance excuses petitioner's failure to exhaust his claims before coming to federal court.

Moreover, petitioner has demonstrated no confusion about his claims.  In some instances, the circumstances and procedural history of a case can create "reasonable confusion" about petitioner's claims.  *See, e.g.*, *Whitley*, 509 F. Supp. 2d at 420 (finding that alternative holdings by Appellate Division that "[a] trained lawyer easily could be confused by" could have caused petitioner to believe his claims had already been addressed on the merits); *Ramchair v. Conway*, No. 04-CV-4241(JG), 2005 WL 2786975, at *18 (E.D.N.Y. Oct. 26, 2005) (finding good cause for allowing stay to exhaust claim not brought in original petition as "there [was] no reason to expect [petitioner] to understand" that his appellate counsel had raised the wrong issue on appeal).  But here, petitioner could not be confused about whether his claims have been adjudicated in state court - - he admits in his petition none of the claims have even been presented to one.  And he is not asking for a stay regarding a complex claim of which he was unaware when he filed his habeas petition.  The unexhausted claims are those he filed initially.  *See Spurgeon v. Lee*, No. 11-CV-600(KAM), 2011 WL 1303315, at *2-3 (E.D.N.Y. Mar. 31, 2011) (finding no good cause for failure to first exhaust claims petitioner was aware of since his trial); *Scott*, 2007 WL 2746905, at *7 (finding no good cause where petitioner was aware of the facts underlying his claim when he filed his petition).

Finally, this is not a case in which reasonable uncertainty about whether a state proceeding is "properly filed" for purposes of the AEDPA limitations period justifies filing a premature habeas petition in order to ensure its preservation.  *Pace*, 544 U.S. at 416.  There does not appear to have been anything remarkable about bringing a § 440 collateral attack or a *coram nobis* petition here, and petitioner still had almost eight months remaining on his AEDPA period

when he filed with this court.  *See Orr*, 2012 WL 2478354, at *13 ("There was no need to file the Petition before challenging the performance of appellate counsel, as Petitioner had an entire year remaining in which to exhaust his claim in the state courts.")

Giving petitioner the greatest benefit of the doubt, it would appear his "confusion" is actually ignorance; he is unaware of the state law options he could have used to exhaust his claims.  But, as most habeas petitions are brought *pro se*, if an "inadvertent failure" based on "ignorance of the law" were enough to demonstrate reasonable confusion, the *Rhines* cause requirement would cease to exist.  *Ramdeo*, 2006 WL 297462, at *7 (finding that "an inadvertent, good faith omission standard would drive an enormous hole through *Rhines* and [] AEDPA" (quotation marks omitted)); *see also Garcia*, 2008 WL 801278, at *4 ("A lack of knowledge of legal procedures, in itself, is insufficient to find 'good cause.' ").  There is nothing "reasonable" about petitioner's failure to acquaint himself with the appropriate procedures.

Finally, the Court notes that petitioner has never actually asked for a stay of these proceedings in order to exhaust his claims.  Petitioner was on notice, at least by May of 2011, when the state filed its response to his petition, that the state believed he had "off-the-record" claims for which the "appropriate procedure for raising" is a "motion to vacate judgment under Section 440.10."  (Opp'n Mem. at 7.)  Petitioner has never filed anything in response.

In light of all of these circumstances, the Court cannot see any "good cause" for a stay.

### a.  Dismissal without Prejudice

The Supreme Court has specifically directed that where, as here, a stay is inappropriate, and "dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief," a petitioner should be given the option to drop his unexhausted claims and proceed solely with his exhausted claims.  *Rhines*, 544 U.S. at 277-78.  Many courts faced with

this situation - - a mixed petition that is ineligible for a stay and that would be untimely if refiled following dismissal - - assume that the petitioner "would prefer the Court to consider the majority of his claims, rather than dismiss the entire Petition outright and risk being barred from raising any of those claims again in federal court." *Reyes v. Morrissey*, No. 07-CV-2539(LAP)(DF), 2010 WL 2034531, at *9, *16 (S.D.N.Y. Apr. 21, 2010) (R&R), *adopted by* 2010 WL 2034527 (S.D.N.Y. May 19, 2010).[12] Those courts then deem the petition "amended to excise" the unexhausted claims, and decide on the merits the exhausted claims.

However here, petitioner's "exhausted" claims are actually unexhausted claims that the Court would deem exhausted and deny as procedurally defaulted in state court. Therefore, even if the Court were to deem the petition amended to excise petitioner's unexhausted claims, none of his claims would be considered on the merits.[13] Once denied, those claims deemed exhausted would subject any claims raised in a subsequent petition to AEDPA's bar on successive petitions, and likely preclude them from future federal review. *See* 28 U.S.C. § 2244(b). Such a result raises a number of concerns here as there are a number of ways to overcome a procedural default, but petitioner cannot avail himself of them because he has not exhausted them either. In other words, adjudicating his "exhausted" claims at this point would lead to their summary denial, without consideration on the merits, largely because they are, in fact, unexhausted.

---

[12] *See also Jernigan v. Brown*, No. 08-CV-9289(JGK)(DF), 2012 WL 2377082, at *9 (S.D.N.Y. May 1, 2012) (R&R), *adopted by* 2012 WL 2394405 (S.D.N.Y. Jun. 25, 2012); *Chu v. Artus*, No. 07-CV-6684(RJS)(DF), 2011 WL 8202381, at *16 (S.D.N.Y. Aug. 9, 2011) (R&R), *adopted by* 2012 WL 2899378 (S.D.N.Y. July 16, 2012); *Johnson v. Kirkpatrick*, No. 11-CV-1089(CM)(AJP), 2011 WL 3328643, at *14 (S.D.N.Y. Aug. 3, 2011) (R&R), *adopted by* 2012 WL 112249 (S.D.N.Y. Jan. 12, 2012); *Brown v. N.Y. Supreme Court*, No. 10-CV-7728(BSJ)(GWG), 2011 WL 2652451, at *9 (S.D.N.Y. July 7, 2011) (R&R), *adopted by* 2011 WL 3611397 (S.D.N.Y. Aug. 16, 2011); *Taylor v. Poole*, No. 07-CV-5318(RJH)(GWG), 2009 WL 2634724, at *25 (S.D.N.Y. Aug. 27, 2009) (R&R), *adopted by* 2011 WL 3809887 (S.D.N.Y. Aug. 26, 2011).
[13] The sole exception would be his sufficiency of the evidence claim, which, as discussed *supra*, he may have exhausted. Yet, since even if exhausted, that claim is also barred by an adequate and independent state law ground, petitioner would still need to exhaust any cause he has to overcome that bar. He has, as with his other claims, failed to do so.

Here, the Court finds the best approach is for petitioner to decide whether he seeks dismissal of the entire petition without prejudice, which would create no bar to the filing of a successive petition, or whether he seeks to excise his unexhausted claims, and have the Court decide those that are properly before it. *Magwood v. Patterson*, 130 S. Ct. 2788, 2796-97 (2010); *Turner v. Artuz*, 262 F.3d 118, 122 (2d Cir. 2001). Although dismissal without prejudice would likely render untimely any future filing, a court's equitable powers in that regard are somewhat broader than a court's discretion to review a successive petition. *See Holland v. Florida*, 130 S. Ct. 2549, 2562-563 (2010) (finding that AEDPA's limitation period is subject to equitable tolling if (1) petitioner has been "pursuing his rights diligently" and (2) "some extraordinary circumstance stood in his way and prevented timely filing") (quotation marks omitted). Thus, petitioner shall, within thirty (30) days of the date of this Order, advise the Court by letter as to which remedy he seeks. Failure to comply with this Order will result in dismissal of the petition without prejudice.

**CONCLUSION**

For the reasons set forth above, the petition will be DISMISSED without prejudice, unless within thirty (30) days of the date of this Memorandum and Order, petitioner files a letter clearly asserting that he wishes to strike his unexhausted claims and proceed solely with his exhausted claims.

The Clerk of Court is directed to send a copy of this Memorandum and Order to Petitioner.

SO ORDERED.

Dated: Brooklyn, New York
      August 31, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge